19-424-cv
*Olin Corporation v. Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

PRESENT:  DENNIS JACOBS,
                     RICHARD J. SULLIVAN,
                              *Circuit Judges,*
                     JESSE M. FURMAN,
                              *District Judge.*\*

_____

Olin Corporation,

                     *Plaintiff-Appellant,*

              v.                                                                   19-424-cv

_____

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies,

*Defendants-Counter-Claimants - Counter-Defendants - Appellees.***

_____

| | |
|---|---|
| FOR APPELLANT: | CRAIG C. MARTIN (Peter J. Brennan, Matthew J. Thomas, Clifford W. Berlow, *on the brief*), Jenner & Block LLP, Chicago, IL, Katherine A Rosoff, Jenner & Block LLP, *on the brief*, New York, NY |
| FOR APPELLEES: | MATTHEW B. ANDERSON (Mary Ann D'Amato, Alejandro Hidalgo, *on the brief*), Mendes & Mount, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed. S. Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Olin Corporation ("Olin") appeals from a judgment and order of the United States District Court for the Southern District of New York (Rakoff, *J.*)

_____

** The Clerk of Court is directed to amend the caption as set forth above.

2

granting a motion for summary judgment filed by Defendants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (collectively, "London"), denying Olin's cross-motion for partial summary judgment, and dismissing Olin's complaint with prejudice. In its complaint, Olin alleged that London breached a July 2009 settlement agreement between the parties and excess insurance policies that London issued to Olin covering one- and three-year periods between 1953 and 1970.[1] Specifically, Olin asserted that London wrongfully withheld insurance coverage for post-2009 expenses that Olin incurred to remediate property damage relating to decades-long pollution at its manufacturing plant in Morgan Hill, California.

The relevant excess insurance policies include a provision referred to by the parties as "Condition C," which in turn contains a so-called "prior insurance

---

[1] Olin is a citizen of Virginia and Missouri. When Olin commenced this action, the various London companies were all citizens of the United Kingdom with one exception, an Ohio corporation that maintains its principal place of business in Arizona. In addition, when the London policies were subscribed, the underwriters (the "Names") were all United Kingdom citizens. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, No. 82 CIV. 7327 (JSM), 1999 WL 350857, at *4 (S.D.N.Y. June 2, 1999), *aff'd sub nom., E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154 (2d Cir. 2001) (discussing the Names' citizenship). Absent evidence to the contrary, we presume that the Names have not changed their foreign citizenship. *See Mitchell v. United States*, 88 U.S. 350, 353 (1874); *Ligi v. Regnery Gateway, Inc.*, 689 F. Supp. 159, 160-61 (E.D.N.Y. 1988). We therefore have jurisdiction under 28 U.S.C. § 1332(a).

provision" and "continuing coverage provision." *See Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012). In 2016, the New York Court of Appeals construed these two provisions in Condition C as permitting an insured to claim insurance for losses covered under an applicable policy on an "all sums" or "joint and several" basis. *See In re Viking Pump, Inc.*, 27 N.Y.3d 244, 264 (2016) ("*Viking Pump*"). Under *Viking Pump*'s interpretation of Condition C, Olin could seek all its property damage losses above any applicable policy's attachment point, up to the coverage limit, regardless of whether those losses related to property damage that occurred during the relevant policy period. *See Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 142–44 (2d Cir. 2017) (summarizing and following *Viking Pump*). The parties do not dispute that if Condition C's all sums allocation method applies to the insurance claims at issue here, then Olin's post-2009 remediation expenses exceed the attachment points of London's policies.

London, however, argued in its motion for summary judgment that Olin's claims did not satisfy the policies' attachment points and thus no coverage was due. According to London, Condition C was superseded by a provision in the parties' 2009 settlement agreement referred to as "Paragraph D." As relevant here, the settlement agreement provides that London's excess insurance policies

4

(including those containing Condition C) "shall apply as written *except as provided in*" Paragraph D and certain other paragraphs. App'x 48 (emphasis added). Paragraph D, in turn, provides in pertinent part that the parties will use the "following allocation method[]" for insurance claims like the ones at issue here:

> For property damage losses relating to Pollution at real property owned at any time by Olin, the property damage relating to any Pollution Claim shall be allocated *pro rata equally over the entire period of time* that any operations took place on any part or parts of the real property Olin owned.

*Id.* at 49–50 (emphasis added); *see also id.* at 50 (similar provision for losses relating to pollution at non-Olin owned real property at which Olin disposed of waste). London argued to the district court that Paragraph D clearly established a "pro rata" loss-allocation scheme which, unlike Condition C's all sums scheme, required Olin to spread its remediation expenses "over the entire period of time that any operations took place" at the Morgan Hill site – approximately forty years. *Id.* Under this pro rata approach, London's remediation expenses would be apportioned over a forty-year period such that the losses allocated to any given one- or three-year policy period would not hit the policy's attachment point.

The district court agreed with London's interpretation of Paragraph D as superseding Condition C's all sums allocation method, thus rendering Olin's

5

remediation expenses insufficient to qualify for coverage in light of the London policies' attachment points. *See Olin Corp. v. Certain Underwriters at Lloyd's, London*, 350 F. Supp. 3d 288, 296 (S.D.N.Y. 2018). The district court reasoned that the text of Paragraph D, when "[r]ead most naturally," established a pro rata allocation scheme. *Id.* at 296. Notably, the court observed, Olin's proposed all sums methodology would render the phrase "pro rata equally" in Paragraph D "without force and effect" with respect to any claim brought under a policy containing Condition C. *Id.* at 297 (quoting *Roman Catholic Diocese of Brooklyn v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 21 N.Y.3d 139, 148 (2013)). The district court also noted that the parties' clear intent to adopt a pro rata allocation scheme in Paragraph D was evident from the historical context in which the settlement agreement was executed. *Id.* at 298–99. As the district court explained, the parties entered into the settlement agreement in 2009, before *Viking Pump*, and after years of litigation in which this court had left open the thorny question of how property damage losses should be allocated among various policy periods. *Id.* at 299; *see also Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 127 (2d Cir. 2006); *Olin Corp. v. Ins. Co. of N. Am.*, 221 F.3d 307, 325 (2d Cir. 2000). Paragraph D provided a simple answer that would – at least in theory – end years

6

of uncertainty and reduce litigation costs. *Olin*, 350 F. Supp. 3d at 299, 299 n.8.

Nevertheless, the parties return to this court once again. We have reviewed the district court's ruling on the parties' cross-motions for summary judgment de novo, construing the evidence in the light most favorable to the non-moving party with respect to each motion. *Panzella v. Sposato*, 863 F.3d 210, 217 (2d Cir. 2017). For substantially the reasons set forth in the district court's thorough Opinion and Order, we conclude that the parties "clearly . . . manifested their intention that" Paragraph D supersedes Condition C and establishes a pro rata allocation method. *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 27 (2d Cir. 2015) (quoting *Northville Indus. Corp. v. Fort Neck Oil Terminals Corp.*, 474 N.Y.S.2d 122, 125 (1984)). Although Olin might not have entered into the same allocation agreement in 2009 if it had the benefit of *Viking Pump*'s favorable interpretation of Condition C at that time, we are bound to interpret the settlement agreement as written, not as the parties might have written it in light of subsequent developments in the law. *See Term Indus., Inc. v. Essbee Estates, Inc.*, 451 N.Y.S.2d 128, 129 (1st Dep't 1982). Here, the parties clearly anticipated that coverage provisions in the underlying insurance agreements (like Condition C) might conflict with the pro rata allocation scheme in Paragraph D and agreed that the latter would prevail. *See* App'x 48

7

(providing that the "terms and conditions of the London Policies . . . shall apply as written *except as provided in*" Paragraph D (emphasis added)).

Accordingly, and because the parties agree that our resolution of this issue is dispositive, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court